# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RIGOBERTO ESCALANTE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. CIV-26-1345-R** |
| **ROBERT CERNA, et al.,** | ) |
| | ) |
| **Respondents.** | ) |
| | ) |
| | ) |

## REPORT AND RECOMMENDATION

Petitioner Rigoberto Escalante, a noncitizen[1] proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government moved to dismiss or stay any further response, Doc. 8, and the time for Petitioner to respond has lapsed. Given that Petitioner is no longer within this District and is seeking habeas relief in the Southern District of Texas, the undersigned recommends the Court grant the Government's motion to dismiss, Doc. 8, and dismiss the Petition as moot, Doc. 1.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

**I.    The Court cannot grant Petitioner the relief he seeks.**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner states he is a "native and citizen of Mexico" who "entered the United States approximately twenty years ago and has remained continuously present in [the United States] since that time." Doc. 1, at 3. He asserts that on or about May 2026, he "was stopped by local law enforcement in Texas and subsequently transferred into [Immigration & Customs Enforcement (ICE)] custody" and that "local authorities identified no criminal charges, outstanding warrants, or other criminal basis for detention." *Id.* at 5.

On June 9, 2026, Petitioner filed the Petition before this Court. *See generally id.* On or about that same day, Respondents' counsel avers that Petitioner "was moved out of the Western District of Oklahoma" to "the Rio Grande Detention Center in Laredo, Texas." Doc. 8, at 2. On June 10, 2026, Petitioner, proceeding with the same counsel herein, filed a 28 U.S.C. § 2241 habeas petition in the Southern District of Texas. *See Escalante v. Mullin*, No. 26-cv-1066, Doc. 1 (S.D. Tex. June 10, 2026).

The relief Petitioner requests arises under § 2241. Accordingly, he must file his claims in the judicial district where he is currently confined. *See* 28 U.S.C. § 2241; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[T]he general rule . . . for core habeas petitions challenging present physical confinement, [is that] jurisdiction lies in only one district: the district of confinement.").

This Court does not have territorial jurisdiction over the Rio Grande Detention Center, which is Petitioner's current place of confinement, or its Warden, who is Petitioner's immediate custodian. The federal district court with territorial jurisdiction over Petitioner's habeas claims is the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 124(b)(3). "District courts are limited to granting habeas relief 'within their respective jurisdiction.'" *Rumsfeld,* 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). "As Petitioner is now [detained] in Texas, this Oklahoma district court lacks jurisdiction over his Texas-based custodian and, thus is powerless to effectuate any relief." *Naranjo-Delgado v. United States*, No. CIV-18-1061-R, 2019 WL 2342689, at *1 (W.D. Okla. June 3, 2019). Petitioner is presently seeking habeas relief within the proper district of confinement. And Petitioner cannot prosecute two concurrent § 2241 habeas proceedings at the same time. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-

3

splitting requires a [litigant] to assert all of [his] causes of action arising from a common set of facts in one lawsuit"); *Ogden v. Stephenson*, 2023 WL 5805597, at \*2 (D.N.M. Sept. 7, 2023) (a petitioner is not permitted to "prosecute two concurrent § 2241 petitions at the same time"). So, the Petition is moot and should be dismissed without prejudice.

## II.    **Recommendation and notice of right to object.**

For the reasons stated above, the undersigned recommends the Court grant Respondents' motion to dismiss, Doc. 8, and dismiss the Petition, Doc. 1, as moot.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 14, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 24th day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE