**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RIGOBERTO ESCALANTE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1345-R** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting his detention by U.S. Immigration and Customs Enforcement violates the Immigration and Nationality Act and his Fifth Amendment Due Process rights [Doc. No. 1]. As relief, he seeks his immediate release or, alternatively, a bond hearing before a neutral decisionmaker. Respondents subsequently filed a Motion to Dismiss [Doc. No. 8] the Petition. The matter was referred to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation [Doc. No. 9] recommending this Court dismiss the Petition as moot because Petitioner has been transferred outside this judicial district and the Court can no longer grant him the relief he seeks. Petitioner filed an Objection [Doc. No. 10], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Petitioner asserts dismissal is improper because jurisdiction over a § 2241 petition attaches in the district where the petitioner is physically confined at the moment the petition is filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Petitioner argues he was

detained within the Western District of Oklahoma at the time he filed his Petition, and thus his subsequent transfer to the Southern District of Texas does not divest this Court of jurisdiction.

The Supreme Court has indeed stated "the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effect the prisoner's release." *Id.* (discussing *Ex parte Endo*, 323 U.S. 283 (1944)); *see also Pinson v. Berkebile*, 604 F. App'x 649, 652-53 (10th Cir. 2015) (unpublished) (finding the District of Colorado "acquired jurisdiction when [the petitioner] filed his habeas petition while incarcerated" within the District of Colorado, and his "transfer [did] not defeat that initial jurisdiction"). Given the record and the lack of meaningful argument from Respondents that Petitioner was not in custody in this judicial district when he first filed his Petition, the Court concludes this Court retains jurisdiction over the Petition, despite Petitioner's transfer to Texas.

The question remains, however, whether this Court can provide Petitioner with the relief he seeks. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241). "Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Id.* (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). Respondents argue the only proper respondent to the Petition is the person with the "ability

to produce the prisoner's body before the habeas court," *Rumsfeld*, 542 U.S. at 435, and the individual with that power in this case is located in the Southern District of Texas.

> "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). So, Petitioner's transfer to USP McCreary did not divest this Court of jurisdiction over the petition, nor did it destroy the Court's jurisdiction over the FTC Warden. But, once Petitioner was transferred, the FTC Warden became powerless to effect any relief this Court might order. . . . And because this Court lacks jurisdiction over Petitioner's Kentucky custodian, and thus has no way to enforce any "effectual relief," Petitioner's habeas petition is moot. Report & Recommendation at 2; R. Vol. 1 at 89 (further citations omitted).

*Gorbey v. Warden of Fed. Transfer Ctr.*, 580 F. App'x 682, 682-83 (10th Cir. 2014) (unpublished); *see also Coleman v. Carter*, No. CIV-25-1326-SLP, 2025 WL 4085006, at *2 (W.D. Okla. Dec. 5, 2025), *report and recommendation adopted in* 2026 WL 210318 (W.D. Okla. Jan. 27, 2026) (finding the court could not provide relief to petitioner because he had been transferred to another judicial district and the court lacked jurisdiction over his current custodian, even though the court had jurisdiction over the petition because petitioner had properly filed it).

Accordingly, though this Court retains subject-matter jurisdiction over the Petition, because Petitioner has been transferred outside of this judicial district, the Court cannot provide Petitioner with the relief he seeks. Furthermore, Petitioner has already filed another Petition for Writ of Habeas Corpus in the Southern District of Texas, where he is currently in custody, so this Court need not transfer this action to the district of Petitioner's confinement. *See, e.g., James v. Goldey*, No. CIV-25-00024-JD, 2025 WL 2294941 (W.D. Okla. Aug. 8, 2025) (adopting magistrate judge's finding that because petitioner had been

transferred outside the Western District, the court lacked jurisdiction over his custodian and transfer of the action to the district in which he was currently confined was in the interests of justice).[1]

Accordingly, on this record, and in the absence of more persuasive argument or authority to the contrary from Petitioner,[2] the Court ADOPTS Judge Mitchell's Report and Recommendation. Respondents' Motion to Dismiss [Doc. No. 8] is GRANTED and Petitioner's Petition for Writ of Habeas Corpus is DISMISSED AS MOOT.

IT IS SO ORDERED this 20th day of August, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court would also note "Petitioner cannot prosecute two concurrent § 2241 proceedings at the same time." *Rizo Gomez v. Dep't of Homeland Sec.*, No. 26-cv-1147-KWR-JFR, 2026 WL 1052351, at *1 (D.N.M. Apr. 17, 2026) (citing *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)); *Beshoy Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 n.1 (W.D. Okla. Aug. 17, 2026) (indicating counsel's conduct in filing a second habeas petition after the first was dismissed by another judicial district ran "afoul of the rule against claim-splitting").

[2] The Court acknowledges Petitioner's removal has been cancelled by an IJ (though there is still time for DHS to appeal such a decision) and takes note of Petitioner's arguments related to being left to pursue his claims in the Fifth Circuit. However, Petitioner has cited no persuasive argument or authority supporting the arguments he makes pursuant to these points such that this Court can find it should disregard its lack of jurisdiction over Petitioner's immediate custodian and inability to provide relief in favor of maintaining Petitioner's Petition in this Court.